**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kevinn Burris,

      Plaintiff,

v.

County of Pinal, et al.,

      Defendant.

No. CV-26-01316-PHX-KML

**ORDER**

Plaintiff Kevinn Burris filed his original complaint on February 25, 2026. (Doc. 1.) On March 30, 2026, Burris filed an amended complaint. That amendment was Burris's one amendment "as a matter of course." Fed. R. Civ. P. 15(a)(1)(A). If Burris wishes to amend in the future, he must obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Shortly after Burris filed his amended complaint, defendant filed a motion to dismiss. (Doc. 9.) Because that motion was aimed at the original complaint, the court denied it and directed defendant to respond to the amended complaint. (Doc. 10.) Seemingly unaware the court had denied the motion to dismiss, Burris filed an opposition to it. The opposition included a request for leave to amend, phrased as though Burris was only requesting leave to amend if the motion to dismiss were granted. (Doc. 11 at 4.)

According to the portion of Burris's filing seeking leave to amend, he wishes to "[a]dd appropriate defendants," "clarify claims and supporting facts," and "[i]nclude additional damages." (Doc. 11 at 4.) Local Rule 15.1(a) requires a plaintiff hoping to amend his complaint to attach to the motion "a copy of the proposed amended [complaint]"

that "indicate[s] in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." It is not clear based on the filing whether Burris intended to file a motion to amend if the motion to dismiss was denied, as it had been. If Burris had complied with the local rule in connection with his pending motion to amend, it might have been possible to determine what relief he was seeking. But he did not.

Although Burris is proceeding pro se, he still "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Therefore, his request to amend is denied. Any future motion to amend must be accompanied by the appropriate proposed amended complaint.

In addition, Burris's filings resemble others that have been identified as created using artificial intelligence. The lack of clarity in the motion Burris filed may well be due to that usage. The court's February 27, 2026, order set out requirements for litigants using artificial intelligence. (Doc. 6 at 2-3.) To the extent Burris is using artificial intelligence, he must comply with the procedures outlined in that order. If Burris does not comply with the court's orders or the local rules, he may face sanctions up to and including the dismissal of his complaint.

**IT IS ORDERED** the Motion for Leave to Amend (Doc. 11) is **DENIED**.

Dated this 6th day of April, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -