**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kevinn Burris,

      Plaintiff,

v.

County of Pinal, et al.,

      Defendant.

No. CV-26-01316-PHX-KML

**ORDER**

Plaintiff Kevin Burris filed his original complaint on February 25, 2026. (Doc. 1.) On March 30, 2026, he filed an amended complaint. (Doc. 8.) Later that day, defendant Pinal County filed a motion to dismiss. (Doc. 9.) The motion to dismiss discussed the original complaint, so the court denied it and ordered Pinal County to respond to the amended complaint. (Doc. 10.) Apparently unaware the motion to dismiss had been denied, Burris filed an opposition. Burris's opposition also requested leave to amend. (Doc. 11.)

On April 6, 2026, the court denied Burris's request to amend his complaint. In doing so, the court reminded Burris that Local Rule 15.1 requires any motion to amend the complaint be accompanied by "a copy of the proposed amended [complaint]" that "indicate[s] in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." (Doc. 12 at 1-2.) The court also noted Burris appeared to be using artificial intelligence to draft his filings. The court reminded Burris that he needed to comply with its requirements for litigants using artificial intelligence. (Doc. 12.)

Pinal County filed a motion to dismiss discussing the amended complaint, Burris filed an opposition, and Pinal County filed its reply. (Docs. 13-15.) Without first obtaining permission from the court, Burris filed a sur-reply allegedly to address new arguments raised in the reply. (Doc. 16.) According to the sur-reply, Burris "does not oppose dismissal of Pinal County as a defendant . . . but maintains that the underlying constitutional violations remain actionable against proper parties." (Doc. 16 at 2.) The sur-reply contains a request for leave to amend the complaint but, as with his prior request to amend—and despite now having been explicitly warned about the court's rules—Burris again failed to include a proposed amended complaint.

Burris no longer opposes the dismissal of his claims against Pinal County, so the motion to dismiss is granted as unopposed. Burris argues the case should not be dismissed because he will be able to amend his complaint to identify new defendants. Burris is granted leave to amend but before doing so, he should carefully consider whether the doctrine of judicial immunity will preclude his planned claims.

Judicial immunity bars claims against judges and the related doctrine of "quasi-judicial immunity" bars claims against "others who perform functions closely associated with the judicial process." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (simplified). Court employees such as clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). For example, in *Mullis*, a clerk who refused to accept for filing a bankruptcy petition was entitled to immunity. *Id.* Similarly, a clerk who failed to provide a litigant notice of a hearing was entitled to immunity. *In re Castillo*, 297 F.3d at 952. To the extent Burris is attempting to sue individual judicial employees for not properly processing court rulings or filings, such claims are very likely barred by quasi-judicial immunity.

Finally, Burris continues to fail to comply with the applicable rules and court procedures. The court previously informed Burris that if he sought leave to amend, he must include a proposed amended complaint. Despite that, Burris's latest motion to amend did

not include a proposed amended complaint. In the future, Burris must comply with that local rule. Also, if he chooses to file an amended complaint Burris must file a version that "indicate[s] in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." (Doc. 12 at 1-2.) Future filings that fail to comply with the court's rules and orders, including this order, may be summarily stricken and result in sanctions up to and including dismissal of the action with no additional warning.

Burris also filed an improper sur-reply and apparently continues to ignore the court's requirements regarding the use of AI given that his filings often confusingly contradict each other. Filing a sur-reply is not permitted without first obtaining permission from the court, and such permission is rarely granted. If Burris uses AI to prepare a filing, including any amended complaint, Burris must file a declaration that identifies *which portions* of the filing incorporate AI outputs. (Doc. 6 at 3.) Again, if Burris fails to comply with the court's procedures, future filings may be summarily stricken with no additional warning.

**IT IS ORDERED** the Motion to Dismiss (Doc. 13) is **GRANTED**. The current complaint naming as defendant only defendant Pinal County is **DISMISSED**.

**IT IS FURTHER ORDERED** the Motion to Amend (Doc. 16) is **GRANTED**. No later than **May 21, 2026**, plaintiff shall file his amended complaint. The Clerk of Court is directed to enter a judgment of dismissal if no amended complaint is filed by that date.

Dated this 7th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -